UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YEN LIN LEE,

                              Plaintiff,

                 - against -

JPMORGAN CHASE BANK, N.A., and
WASHINGTON MUTUAL BANK,

                              Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6192 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On October 4, 2022, Plaintiff Yen Lin Lee brought this *pro se* action against JPMorgan

Chase Bank, N.A. and Washington Mutual Bank (collectively, "Defendants").  Plaintiff alleges

that Defendants did not have legal standing to commence a foreclosure action in state court, which

ultimately resulted in a judgment against Plaintiff.  (Compl., Dkt. 1, at ¶ 2–3, 5.)  The Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 on October 20,

2022.  For the reasons explained below, the Complaint is dismissed, and Plaintiff is granted thirty

(30) days to file an amended complaint.

## BACKGROUND

Plaintiff, a New York resident, filed this action invoking the Court's federal question

jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  (Compl.,

Dkt. 1., at ECF 2.[1])  Liberally construed, Plaintiff alleges that Defendants (1) falsely assigned

mortgages, (2) lacked standing to sue in state court, and (3) perpetrated fraud by concealing

Defendants' lack of standing to sue.  (Compl., Dkt. 1, at ¶ 4, 6–9.)  Plaintiff includes, as exhibits

_____

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing
system and not the document's internal pagination.

to the Complaint, documents related to some of the mortgages.  (*See* Compl., Dkt. 1, at ECF 11–14.)  Plaintiff does not include documents or information related to any foreclosure proceedings.

Plaintiff seeks "compensatory and punitive damages in the sum of [$]1.5 Million based upon the illegality of the foreclosure and the subsequent illegal foreclosure proceedings." (Compl., Dkt. 1, at ¶ 26.)  Plaintiff also asks the Court to "discharge the loan from plaintiff's credit report" and for "sanctions along with $2.5 Million dollars in damages against the defendants."  (Compl., Dkt. 1, at 10.)

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021).  Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."  *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-3369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697,

700–01 (2d Cir. 2000)).  Federal courts must independently verify the existence of subject matter jurisdiction before proceeding to the merits.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

**DISCUSSION**

**I.** **Plaintiff Fails to Sufficiently Allege Federal Question Jurisdiction**

A district court has federal question jurisdiction when a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotations omitted).  Here, Plaintiff's claim for federal question jurisdiction appears to be based on an Ohio Supreme Court decision, *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St. 3d 13, 2012-Ohio-5017.  (*See* Compl., Dkt. 1, at ¶ 20–22 (quoting Justice Terrence O'Donnell in *Fed. Home Loan Mtge. Corp. v. Schwartzwald* to support Plaintiff's assertions regarding Defendants' lack of standing).)  In *Schwartzwald*, the court ruled that under Ohio state law, banks did not have standing to commence foreclosure proceedings in Ohio state court if they initiated proceedings prior to obtaining assignment of the promissory note and mortgage.  *See Fed. Home Loan Mtge. Corp.* at ¶¶ 2–4.  This Ohio state court opinion regarding Ohio state law has no bearing on Plaintiff's claims in this federal action.  This Court

cannot make determinations on the legal viability of a foreclosure—or any other proceeding—filed in state court. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (ruling that a federal court cannot "determine whether [a] state judgment was wrongfully issued in favor of parties, who contrary to their representations to the [state] court, lacked standing to foreclose").

Further, although the Complaint asserts that Defendants violated Plaintiff's constitutional rights, (Compl., Dkt. 1, at ¶ 5), Plaintiff provides no facts or allegations to support such a claim. Thus, "Plaintiff's allegations are insufficient to establish this Court's subject matter jurisdiction because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Espinoza v. FBI*, No. 21-CV-4749 (WFK), 2021 WL 6196810, at *2 (E.D.N.Y. Nov. 16, 2021) (citing and quoting *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction.").

In sum, the Court lacks federal question jurisdiction over Plaintiff's claim about Defendants' alleged lack of standing to commence a foreclosure action in state court.

## II.     Plaintiff Fails to Sufficiently Allege Diversity Jurisdiction

Similarly, Plaintiff has not alleged enough facts to support diversity jurisdiction. To invoke diversity jurisdiction, Plaintiff must establish that (1) there is complete diversity of the parties and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff's Complaint fails in both respects.

First, Plaintiff fails to allege the citizenship of each Defendant. "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)). Although Plaintiff provides an

4

address for JPMorgan Chase, N.A. in Jacksonville, Florida, the Court understands that this is neither Defendant's state of incorporation nor its principal place of business. *See Blackman v. JPMorgan Chase, N.A.*, No. 20-cv-5539 (RPK) (LB), 2022 WL 970729, at \*4–5 (E.D.N.Y. Mar. 31, 2022). Plaintiff makes no claims regarding Washington Mutual Bank's citizenship.

Second, Plaintiff also fails to set forth the amount in controversy. Although Plaintiff seeks $1.5 million in compensatory and punitive damages, such a demand does not automatically satisfy the amount-in-controversy requirement. *See Nwanze v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law."). Furthermore, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Here, Plaintiff provides no support for seeking $1.5 million in damages. Thus, Plaintiff has established neither diversity of citizenship nor the requisite amount in controversy.

In sum, the Court lacks diversity jurisdiction over this matter.

### III.   This Court Lacks Jurisdiction Over Claims Challenging State Court Judgments

Although Plaintiff claims that this action "is not about the foreclosure case itself or the judgment, but [rather,] the status and standing of the defendant's ability to commence the proceedings prior to the action itself[,]" (Compl., Dkt. 1, at ¶ 10 (internal quotations and emphasis omitted)), Plaintiff seeks punitive and compensatory damages "in the sum of [$]1.5 Million based upon the illegality of the foreclosure and the subsequent illegal foreclosure proceedings," (Compl., Dkt. 1, at ¶ 26). Pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter

5

jurisdiction over claims that effectively challenge state court judgments. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923).

The doctrine applies when (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in federal court. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Here, notwithstanding his disclaimer, Plaintiff is plainly seeking to challenge a state court judgment of foreclosure that was presumably entered before the filing of this federal court action and was against Plaintiff, *i.e.*, Plaintiff lost in state court. Thus, this Court also lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. *See Vossbrinck*, 773 F.3d at 426 (state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005); *Desir v. Florida Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 172 (E.D.N.Y. 2019) ("[C]ourts in this circuit routinely dismiss challenges to state court foreclosure judgments under *Rooker-Feldman*.").

## CONCLUSION

For the reasons explained above, Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days' leave to file an amended complaint. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order: 22-CV-6192 (PKC) (TAM).

The amended complaint will ***not*** supplement the original Complaint—rather it will entirely replace the original Complaint. Thus, the Court reminds Plaintiff to reallege all relevant assertions

6

from the Complaint in the amended complaint.  In the amended complaint, Plaintiff must also set forth facts to show that the Court has subject matter jurisdiction over Plaintiff's claims.  Legal conclusions and conclusory allegations will not suffice.  Plaintiff must provide facts sufficient to allow each named Defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d. Cir. 2000)).  Plaintiff must also provide the date and location for each relevant event.

To invoke diversity jurisdiction Plaintiff must set forth the citizenship of each defendant named in the caption and body of the amended complaint, the amount in controversy—including Plaintiff's basis for seeking that amount, and the state law at issue.

If Plaintiff fails to comply with this Order within the time allowed or cure the deficiencies discussed herein, the Court will direct the Clerk of Court to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 26, 2022
Brooklyn, New York